**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**ALYSSA N. PIRAINO, ESQ.**
Nevada Bar No. 14601
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
Alyssa@Breedenandassociates.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVEEZ BOOTH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; BRIAN REYES, an individual,<br><br>Defendants. | CASE NO. 2:25-cv-01120-JAD-NJK<br><br>**PLAINTIFF DAVEEZ BOOTH'S UNOPPOSED MOTION TO EXTEND DISCOVERY AND RE-OPEN THE INITIAL EXPERT DEADLINE (FIRST REQUEST)** |

Plaintiff DAVEEZ BOOTH by and through his attorneys of record, BREEDEN & ASSOCIATES PLLC, hereby submits this *Motion to Extend Discovery and Re-Open the Initial Expert Deadline* in accordance with Fed. R. Civ. P. 16(b)(4) and LR 26-3.

Undersigned counsel has conferred with Craig Anderson, Esq., counsel for Defendants and he does not object to the granting of relief requested herein.

## I. INTRODUCTION

Plaintiff and his counsel respectfully ask this Court to extend discovery primarily to allow Plaintiff to designate his expert due to circumstances beyond his control. Plaintiff had timely retained Colby P. Young, M.D. with Hand Surgery Specialists of Nevada. On Monday, October 27, Plaintiff's counsel received notification that Dr. Young had unexpectedly passed away. This is just days before the initial expert deadline of October 30, 2025. Plaintiff's counsel immediately informed

defense counsel of the issue and began to identify a new expert. However, Plaintiff's counsel needed to identify the expected turnaround time from the new expert prior to coming to the Court and requesting additional time.

## II.  RELEVANT BACKGROUND

Plaintiff BOOTH, through his counsel, filed this action on May 27, 2025 in the Eighth Judicial District Court of Nevada, Defendants removed the action to this Court on June 23, 2025 [ECF No. 1]. Plaintiff alleges that on October 13, 2024, Officer Defendant REYES and LVMPD violated his civil rights. Plaintiff's claimed injuries include a fracture of the right wrist.

The timeline of relevant procedural events is as follows: Plaintiff filed this case on May 27, 2025, in the Eighth Judicial District Court of Nevada. Defendants removed the action to this Court on June 23, 2025 [ECF No. 1]. On July 22, 2025, the Court issued the Discovery Plan and Scheduling Order [ECF No. 11]. This sets the deadline to disclose experts as October 30, 2025, and the close of discovery as December 29, 2025.

Prior to the expert disclosure deadline, Plaintiff retained Dr. Colby P. Young, M.D. with Hand Surgery Specialists of Nevada. On Monday, October 27, Plaintiff's counsel received notification that Dr. Young had unexpectedly passed away. Being that the expert disclosure deadline was just days away, Plaintiff's counsel immediately reached out to Craig Anderson, counsel for Defendants to advise him of the situation and let him know that we would need to request an extension to disclose experts. Additionally, Plaintiff immediately set out to retain a new expert to opine on Plaintiff's wrist injury.

## III.  LAW AND ARGUMENT

### A. Legal Standard to Extend the Expert Disclosure Deadline

The district court has broad discretion in supervising the pretrial phase of litigation and in issuing and enforcing scheduling orders. *Williams v. James River Group Incorporated*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). When a party seeks to reopen discovery after deadlines have passed, the party must demonstrate good cause for extending discovery beyond the established deadline and excusable neglect for their failure to move for an extension before the deadline expired. *See* Fed.R.Civ.P. 16(b)(4); *see also* LR 26-3. The good cause inquiry focuses primarily on the movant's

diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). According to LR 26-3, "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)); *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

### B. Good Cause Exists to Reopen Expert Disclosures and the Need to Re-Open the Initial Expert Deadline is the Result of Excusable Neglect

The following details the reasons why Plaintiff Booth's Counsel believes there is good cause to extend discovery in this matter. The entire reason is that the Plaintiff had timely retained Dr. Colby P. Young, M.D., with Hand Surgery Specialists of Nevada. On Monday, October 27, 2025, Plaintiff's counsel received notification that Dr. Young had unexpectedly passed away. This is just days before the initial expert deadline of October 30. 2025. Plaintiff's counsel exercised extreme diligence and immediately began to identify a new expert but thought it was best to identify the expected turnaround time from the new expert prior to coming to the Court and requesting additional time.

The need to re-open the initial expert disclosure deadline is the result of excusable neglect. So long as the remaining deadlines are extended along with the initial expert deadline, Defendants will suffer no prejudice as they will have ample time to rebut Plaintiff's new hand expert and depose said expert if they wish to do so. Being that this case was filed in May 2025 and a trial date has not yet been set, the length of delay and its impact on the proceedings will be minimal. The reason for the delay is the sudden and unexpected death of Plaintiff's expert just days before the initial expert disclosure deadline. Lastly, Plaintiff has acted in good faith. This is clearly a situation out of Plaintiff's control. Moreover, after being notified of Dr. Young's tragic passing, Plaintiff's counsel immediately notified defense counsel of the circumstances and the need for an extension. Counsel

also immediately began searching for a replacement expert and began coordinating retention. Accordingly, Plaintiff is able to demonstrate good cause and excusable neglect to extend and re-open the current discovery deadlines.

    **C. Discovery Completed to Date.**

    The parties have completed the following discovery in this case:

    1. Plaintiff has served initial disclosures and one supplement, which includes approximately 170 pages of documents and 19 witnesses;

    2. Defendants Las Vegas Metropolitan Police Department and Brian Reyes have served their initial disclosure and two supplements, which includes approximately 598 pages of documents and 19 witnesses;

    3. Plaintiff propounded his first set of interrogatories, requests for admission, and requests for documents on Defendant LVMPD and his first and second set of interrogatories and requests for documents on Defendant Reyes on July 28, 2025, to which Defendants responded on August 27, 2025;

    4. Defendants propounded their first set of interrogatories, first set of requests for admission, and first set of requests for production on September 11, 2025, to which Plaintiff responded to the requests for admission on October 7, 2025 and the remaining discovery on October 13, 2025;

    5. Plaintiff took the deposition of Defendant Brian Reyes on September 22, 2025;

    6. Defendant took the deposition of Plaintiff Daveez Booth on September 25, 2025;

    7. Defendant served their Initial Expert Witness Disclosure on October 30, 2025, identifying 1 retained expert witnesses;

    **D. Discovery That Remains to be Completed.**

    The following discovery remains to be completed:

    1. Designate Plaintiff's initial expert witnesses;

    2. Depositions of the newly designated experts (if either party would like to do so); and

    3. Rebuttal Reports related to the designated experts, if any.

/ / /

E. **Proposed Schedule for Completion of Expert Disclosures and Discovery Deadlines**

Following the unexpected passing of Dr. Colby P. Young, Plaintiff's counsel has since identified a new expert to step in and provide the necessary opinions previously anticipated from Dr. Young. Counsel has been in contact with the new expert to facilitate an examination, review of the medical records, and preparation of the report. It is anticipated that Plaintiff's counsel will receive a draft report by early- to mid-December. Accordingly, Plaintiff respectfully requests an extension of the expert disclosure deadline to December 30, 2025, and that all existing discovery deadlines be extended correspondingly based on this new date. Thus, counsel proposes the following schedule for completion of discovery:

|  | Existing Deadline | Proposed Deadline |
|---|---|---|
| **Expert Disclosure** | October 30, 2025 | **December 30, 2025** |
| **Rebuttal Disclosure** | December 1, 2025 | **January 29, 2026** |
| **Dispositive Motions** | January 28, 2026 | **March 2, 2026** |
| **Pretrial Order** | February 27, 2026 | **April 1, 2026** |

## IV. CONCLUSION

In closing, good cause exists for extending of discovery and Plaintiff's request to re-open the initial expert disclosure deadline is the result of excusable neglect. Accordingly, Plaintiff respectfully requests that his Unopposed Motion to Extend Discovery and Re-Open Initial Expert Disclosures be Granted.

Dated this 18th day of November, 2025.

**BREEDEN & ASSOCIATES, PLLC**

/s/ *Adam J. Breeden*
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 8768
**ALYSSA N. PIRAINO, ESQ.**
Nevada Bar No. 14601
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117-2782
*Attorneys for Plaintiff*

IT IS SO ORDERED.
Dated: November 19, 2025

_____
Nancy J. Koppe
United States Magistrate Judge